Han v. Holder
BIA
Nelson, IJ
A089 262 894

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of May, two thousand thirteen.

PRESENT:
      ROSEMARY S. POOLER,
      RICHARD C. WESLEY,
      GERARD E. LYNCH,
         Circuit Judges.

_____

YOU HUA HAN,
      *Petitioner*,

      v.             11-2114
                  NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
      *Respondent*.

_____

FOR PETITIONER:      Gary J. Yerman, New York, N.Y.

FOR RESPONDENT:      Tony West, Assistant Attorney General;
                      Stephen J. Flynn, Assistant Director;
                      Jeffrey R. Meyer, Attorney, Office of
                      Immigration Litigation, United States
                      Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner You Hua Han, a native and citizen of the People's Republic of China, seeks review of an April 26, 2011, decision of the BIA affirming the March 26, 2009, decision of Immigration Judge ("IJ") Barbara A. Nelson denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re You Hua Han*, No. A089 262 894 (B.I.A. Apr. 26, 2011), *aff'g* No. A089 262 894 (Immig. Ct. N.Y. City Mar. 26, 2009). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Under the circumstances of this case, we have reviewed both the IJ's and the BIA's opinions. *See Jigme Wangchuck v. DHS*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008).

Substantial evidence supports the agency's determination that Han did not testify credibly regarding her claim that she

had been forced to undergo an abortion in 2001.  For asylum applications, like Han's, governed by the REAL ID Act, the agency may, considering the totality of the circumstances, base a credibility finding on an asylum applicant's demeanor, the plausibility of her account, and inconsistencies in her or her witness's statements, without regard to whether they go "to the heart of [her] claim."  8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163-64.  The agency reasonably relied on inconsistencies in the record.  *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Xiu Xia Lin*, 534 F.3d at 163-64, 166-67.  The agency noted that Han's direct testimony and her husband's letter were inconsistent with the testimony of Han's physician, Dr. Steven S. Ho, regarding the dates and number of abortions Han had undergone.  The agency also correctly observed that Han's testimony on cross examination contradicted her direct testimony regarding the number of abortions.  When confronted with this inconsistency, Han testified that she could not recall how many abortions she had undergone.  The IJ reasonably declined to credit that explanation.  *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005) (finding that an agency need not credit an applicant's explanations unless those explanations would

3

compel a reasonable fact-finder to do so). The agency also reasonably relied on Han's admission that she had lied to a United States consular officer in order to obtain the visa that allowed her to enter the United States to determine that Han was not credible. *See Rui Ying Lin v. Gonzales*, 445 F.3d 127, 133 (2d Cir. 2006) (discussing the maxim of *falsus in uno, falsus in omnibus* (false in one thing, false in everything)); *Siewe v. Gonzales*, 480 F.3d 160, 170 (2d Cir. 2007) (relying on the maxim to find that once an IJ concludes that a document is false, he or she is "free to deem suspect other documents (and to disbelieve other testimony) that depend for probative weight upon [the applicant's] veracity").

The adverse credibility determination is further bolstered by the IJ's demeanor finding. Although Han argues that the IJ's observation of her demeanor is not supported by the record, we give particular deference to the trier of fact's assessment of demeanor. *See Majidi*, 430 F.3d at 81 n.1. In finding Han not credible, the IJ reasonably relied in part on her demeanor, noting that Han was "hesitant and unresponsive" during portions of her testimony. Because the IJ was in the best position to observe Han's manner while testifying, her partial demeanor finding should be afforded

4

particular deference.  *See Zhou Yun Zhang v. INS*, 386 F.3d 66, 73-74 (2d Cir. 2004), *overruled on other grounds by Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296 (2d Cir. 2007).

Han further argues that the agency erred in relying on Dr. Ho's testimony because it was hearsay, as he was reading from her medical records.  As we previously have determined, "the Federal Rules of Evidence do not apply in removal proceedings; rather, '[e]vidence is admissible provided that it does not violate the alien's right to due process of law.'" *Aslam v. Mukasey*, 537 F.3d 110, 114 (2d Cir. 2008) (quoting *Zhen Nan Lin v. U.S. Dep't of Justice*, 459 F.3d 255, 268 (2d Cir. 2006)).  The record reflects that Han was afforded due process as her counsel was given the opportunity to question Dr. Ho, and asked him about his practice with respect to obtaining his patients' medical histories.

Given the inconsistencies in the record and the deference due to the IJ's demeanor finding, the IJ's adverse credibility determination regarding Han's claim that she suffered past persecution was supported by substantial evidence.  *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Xiu Xia Lin*, 534 F.3d at 167 (explaining that this Court "defer[s] . . . to an IJ's credibility determination unless, from the totality of the

5

circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling").  Because Han did not testify credibly regarding her past persecution, she is not entitled to the presumption that she faces future persecution in China.  *See* 8 C.F.R. §§ 1208.13(b)(1), 1208.16(b)(1).  Accordingly, the agency did not err in denying asylum, withholding of removal, and CAT relief as all of the claims were based on the same factual predicate.  *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk